16    *Bovee, et al. v. Coopers*
*& Lybrand, et al.*                    Nos. 00-3018/3471

district court for the purpose of considering Plaintiffs'
Amended Complaint while reviewing the merits of Plaintiffs'
request for relief from judgment (*Hirsch* remand).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0407P (6th Cir.)
File Name:  01a0407p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BARRY F. BOVEE; WENDY L.
BOVEE; BRIAN B. BOVEE;
RONALD GERHART; WAYNE
LANGHAM; EMERSON E.
ECKROTE, JR.; KATHI J.
ECKROTE; MICHAEL A. RYAN;
WILLIAM J. YURKOVIC; W.
THOMAS KIRCHHOFF, JR.;
STEPHEN ROBERT PARNHAM;
JAY W. CLEVELAND, JR.;
MARRY S. CLEVELAND; R.
KEVIN CARNAHAN; JAMES B.
CRAIG; LUCILLE GLASGOW;
JAMES R. COLESTOCK; DIANE
L. COLESTOCK; SHORTLINE
MORTGAGE CORPORATION;
EVANGELOS J. BANACOS;
TOULA BANACOS,
        *Plaintiffs-Appellants,*

        *v.*

COOPERS & LYBRAND C.P.A.;
COOPERS & LYBRAND, L.L.P.;
CHRISTOPHER L. WHITE;
DENNIS P. WILBURN;

Nos. 00-3018/3471

1

RICHARD A. WIDDERS, JR.; R.
JAY ROBERTS,
          *Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 97-00449—Edmund A. Sargus, Jr., District Judge.

Argued:  April 26, 2001

Decided and Filed:  November 21, 2001

Before:  BOGGS and CLAY, Circuit Judges; ROBERTS,
District Judge.*

_____

**COUNSEL**

**ARGUED:**   Michael G. Brautigam, GENE MESH &
ASSOCIATES, Cincinnati, Ohio, for Appellants.  David S.
Cupps, VORYS, SATER, SEYMOUR & PEASE, Columbus,
Ohio, for Appellees.  **ON BRIEF:**  Michael G. Brautigam,
GENE  MESH  &  ASSOCIATES, Cincinnati, Ohio, for
Appellants.  David S. Cupps, Robert N. Webner, VORYS,
SATER, SEYMOUR & PEASE, Columbus, Ohio, for
Appellees.

_____

    *  The Honorable Victoria A. Roberts, United States District Judge for
the Eastern District of Michigan, sitting by designation.

    As its factual basis was clearly erroneous, the district
court's decision not to grant Fed. R. Civ. P. 60(b) relief (or
rather, in the case of *Hirsch* remand, failing to recommend /
grant such relief) should not be allowed to stand.  The district
court abused its discretion.

    Although there is some support for the proposition that
district court errors can be corrected by this Court by its *de
novo* review on the merits,[11] as a general matter, it is
inappropriate for this Court to act as a court of first
impression, especially considering that the merits of
Plaintiffs' case have never been adjudicated.  That being the
case, our review will appropriately end at this juncture so that
Plaintiffs' Amended Complaint can be given proper
consideration in the district court.

**IV.  *CONCLUSION***

    For the foregoing reasons, this Court **VACATES** the
district court's September 30, 1999  and its December 21,
1999 Orders which were appealed in Case No: 00-3018 and
**REMANDS** the case to the district court so that the issues
presented in Defendants' Motion for Dismissal can be
reviewed in light of Plaintiffs' Amended Complaint.  This
Court further finds that the district court abused its discretion
in its denial of Plaintiffs' Motion for *Hirsch* Remand and
**VACATES** the district court's March 21, 2000 Order which
was appealed in Case No: 00-3471 and **REMANDS** it  to the

_____

    [11]*DiLeo v. Ernst & Young,* 901 F. 2d 624, 626 (7th Cir.), *cert.
denied,* 498 U.S. 941 (1990)(plaintiff's fraud claim was evaluated by the
7th Circuit and was found to be fatally deficient.  Therefore, instead of
remanding the case back to the district court which would have inevitably
made the same determination, the *DiLeo* Court ruled upon the matter,
noting that an unreasonable dismissal would normally be subject to
remand, but that "[b]ecause the complaint is fatally inadequate, we affirm
the judgment in order to spare both the parties and the court gratuitous
travail." *DiLeo* is distinguishable from this case because the *DiLeo*
plaintiffs did not seek a remand to correct the procedural error of the
district court as Plaintiff did in this case.)

believed that only the original Complaint, and not the amended one, was before it.

Moreover, since the March 21, 2000 Order denying Plaintiffs' Motion for *Hirsch* Remand  indicates that the district court relied in large part upon its analysis set forth in the September 30, 1999 Order, it is clear that Plaintiffs' Amended Complaint was not considered when Plaintiffs request for relief from judgment was denied.  Since the Amended Complaint is significantly longer (approximately 100 pages longer) than the original Complaint; and, there are approximately 200 more allegations pled in the Amended Complaint, it is reasonable to believe,  even without reviewing the Amended Complaint, that the document contains more detailed facts and perhaps more counts of liability.

In order for the district court to have made an informed ruling on Defendants' Motion to Dismiss and on their Motion for *Hirsch* Remand, it had to review Plaintiff's Amended Complaint. Therefore, if Plaintiffs' Amended Complaint was not taken into consideration prior to the district court's decision to grant Defendants' Motion to Dismiss and deny their request for relief from judgment, then the district court's order was based upon a "mistake."  Moreover, the district court relied upon a clearly erroneous fact in denying Plaintiffs' relief because the decision to deny relief was based upon allegations pled in a complaint that had been superseded. Although the Plaintiffs were granted  leave to amend the "Complaint" they instead filed their Notice of Intent to Stand on Amended Class Action Complaint, not realizing that the Amended Complaint had never been considered. Finally, as a matter of equity, since the merits of Plaintiffs' claim have never been considered because of the procedural confusion cited above, setting aside a judgment was the reasonable decision to have been made by the district court.

―――――――
**OPINION**
―――――――

ROBERTS, District Judge.   Plaintiffs appeal from September 30, 1999 and December 21, 1999 Orders of the district court dismissing this action. These Orders were based on findings that Plaintiffs failed to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6) and failed to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b).  These are the subjects of Plaintiffs' appeal under Case No: 00-3018.  Plaintiffs also appeal from a March 21, 2000 Order of the district court denying their Motion for a *Hirsch* Remand[1], which is the subject of the second appeal under Case No: 00-3471.  Because  the district court did not consider Plaintiff's Amended Complaint before deciding the motions at issue, we **VACATE** and **REMAND** for further consideration.

## I.  *SUBSTANTIVE BACKGROUND*

Plaintiffs[2] are  members of the general public who purchased common stock in Mid-Western Waste Systems, Inc. ("MAW"), a publicly traded corporation, under the 1934 Securities Exchange Act.  MAW later disclosed serious

―――――――――――

[1]Where a party seeks to make a motion under Fed. R. Civ. P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. *First Nat'l Bank of Salem, Ohio v Hirsch*, 535 F. 2d 343 (6th Cir. 1976).  If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grand the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief. *Fed. R. Civ. P. 60(b).*

[2]It is not clear whether or not this is a class action.  The record indicates that there was an attempt at class certification but the effort was unsuccessful.  Yet, Plaintiff's Complaint and Amended Complaint are titled as a class action suit.

financial irregularities and filed for bankruptcy protection, causing the investors' stock to lose value.   Plaintiffs sued certain MAW officers certain MAW accountants, Coopers & Lybrand and Coopers & Lybrand L.L.P. (collectively, "Coopers").   Coopers performed accounting services for MAW, which included the audit of financial statements which were part of MAW's filings with the Securities and Exchange Commission ("SEC").

Plaintiffs claim that they were sold the MAW stock at inflated prices; that false financial information about MAW was disseminated to them;[3] and, that they suffered a great monetary loss when MAW, without warning, filed for bankruptcy protection.

## II.  *PROCEDURAL BACKGROUND*

Plaintiffs brought claims against Coopers for securities fraud violations pursuant to 15 U.S.C. §78j(b) and for their role in assisting the sale at an inflated price of MAW stock, all in violation of the Private Securities Litigation Reform Act., 15 U.S.C §78u-4 ("PSLRA").

Plaintiffs also assert claims of professional negligence and negligent misrepresentation under Ohio law against Coopers. Coopers filed its Motion to Dismiss, asserting that Plaintiffs' Complaint failed to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, failed to allege fraud with the particularity required by PSLRA and Fed. R. Civ. P. 9(b).

---

[3]Plaintiffs allege misrepresentation in a prospectus published May 17, 1994 in connection with MAW's issuance of 12% senior subordinated notes -- securities which were not purchased by Plaintiffs. Plaintiffs' claims as to MAW's financial statements in each of those disclosure documents focus on alleged overstatement of assets, under-accrual of closure and post-closure costs, and failure to write off or write down allegedly impaired assets. *(Appellees' Brief, pg. 2)*.

**D.  *HIRSCH* REMAND MOTION:  Did the District Court Abuse its Discretion When it Denied Plaintiffs' Motion for *Hirsch* Remand?**

Where a party seeks to make a motion under Fed. R. Civ. P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court.  *First Nat'l Bank of Salem, Ohio v. Hirsch,* 535 F. 2d 343 (6th Cir. 1976).  If the district judge was inclined to grant the motion, he or she could enter an order so indicating; and, the party could then file a motion in the Court of Appeals to remand. Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 60(b)(1) allows the court to set aside a judgment in cases of "mistake, inadvertence, surprise or excusable neglect;" and Rule 60(b)(6) allows the court to set aside a judgment for "any other reason justifying relief. . ." See also, 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil 2d § 2857,* at 255 (2d Ed. 1995); ("Equitable considerations may be taken into account by a court in the exercise of its discretion under Rule 60(b)"). One important equitable consideration is whether the litigants received a ruling on the merits of their claim. "There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." *Id.* at 257-58  Therefore, if the Court has relied on a clearly erroneous fact in denying relief, then a finding of abuse of discretion is appropriate.  *MIF Realty L.P. v. Rochester Associates,* 92 F.3d 752, 756 (8th Cir. 1996).

In *MIF Realty,* the Eighth Circuit held that the district court "committed clear error" by finding that the parties agreed to a settlement, and abused its discretion when it held and relied upon this mistaken belief when denying plaintiff's subsequent motion for relief under Fed. R. Civ. P. 60(b). *Id.* at 756, 758. This case appears to implicate a set of circumstances similar to those present in *MIF Realty*, in that the court mistakenly

indeterminable investing public-at- large." *Id.* at 361, 477, 318.

In this case, the evidence does show indeed that Plaintiffs are not clients of Coopers and that they had no direct contact with Coopers. Rather, Plaintiffs are open-market purchasers of MAW stock, who expressly claim to be a class consisting of the general investing public.[10] No relationship between Coopers and Plaintiffs is pled. Nor is there an allegation that a fiduciary or other similar relationship of trust and confidence existed between Plaintiffs and Defendants. Indeed, the proofs show that there was, at best, no direct relationship at all between these parties. Moreover, Plaintiffs have not shown that they are a group specifically known to Defendants such that Defendants owed them a duty to disclose. Plaintiffs have demonstrated only that they are members of the very "faceless" and "indeterminable" investing public which cannot bring a negligent misrepresentation claim against an issuer's accountants under Ohio law.

However, it is evident from the record that the district court's September 30, 1999, December 21, 1999 and March 21, 2000 Orders did not analyze Plaintiffs' state law claims against the backdrop of the Amended Complaint. Therefore, although this Court might be inclined to affirm the district court on the merits of its decision, it is advisable for the district court to first properly consider the merits in light of the pleadings filed. Thus, it is necessary for the orders entered by the district court to be vacated and for this matter to be remanded so that the district court can review the state law claims in light of Plaintiffs' Amended Complaint.

---

[10] Plaintiffs claim to consist of every person who purchased MAW publicly traded stock over an extended period of time. *(J.A. I at 31-34, 36-37)* and *(J.A. II at 292-93)*

The district court granted Coopers' motion, in part, on September 30, 1999, and provided an opportunity for Plaintiffs to amend their Complaint. Plaintiffs did not file an amended complaint, but filed their Notice of Intent to Stand on Amended Class Action Complaint, not realizing that the Amended Complaint had not been considered.[4] This led to: (1) the entry of the December 21, 1999 Order dismissing Plaintiffs' entire claim with prejudice; and, (2) the preparation of Plaintiffs' appeal under Case No: 00-3018. Plaintiffs' claim that the district court erred by basing its decision to dismiss their claim upon the original Complaint filed in April 1997 rather than on the Amended Complaint filed and accepted by the District Court of New Jersey in October 1997.

While pursuing their appeal on Case No.: 00-3018, Plaintiffs noticed that certain documents were not part of the record below. This prompted them to file three motions[5], one of which was a Motion for a *Hirsch* Remand. Had the district court granted Plaintiffs' *Hirsch* Remand motion, and this Court had agreed to remand, it would have allowed the district court to reconsider its previous judgment of dismissal

---

[4] Plaintiffs' Complaint which was dismissed on December 21, 1999, was originally filed in the Southern District of Ohio in April 1997. That case was transferred to a MDL Panel and then to the District Court of New Jersey in October 1997. An Amended Complaint (approximately 100 pages longer than the Original Complaint) was filed in the New Jersey District Court on October 31, 1997. A Motion to Dismiss the Amended Complaint was filed by Coopers and a Memorandum in Opposition was filed on December 19, 1997, in New Jersey. However, for reasons not particularly clear from the record, Plaintiffs requested that the case be transferred back to Ohio. Plaintiffs' request was granted by the MDL Panel in March 1999. For whatever reason, however, only the original complaint, and not the Amended Complaint, was transferred to Ohio.

[5] (1) Motion to Include Plaintiffs' Opposition Brief to Defendant Coopers & Lybrand and Individual Defendants' Motion to Dismiss the Amended Complaint; (2) Amended Motion to Include Plaintiffs' Opposition Brief Together with Other Documents; and (3) Motion for *Hirsch* Remand.

based on a full evaluation of the case record. *First National Bank of Salem, Ohio v. Hirsch,* 535 F. 2d 343 (6th Cir. 1976). However, subsequent to a hearing on the matter, the district court denied Plaintiffs' Motion for *Hirsch* Remand, but granted their motion to supplement the record. The denial of Plaintiffs' *Hirsch* Remand motion is the subject of Plaintiffs' second appeal under Case No: 00-3471.

## III.  *DISCUSSION*

### A.  STANDARDS OF REVIEW

#### 1.  Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The propriety of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is a question of law that is subject to de novo review. *In re Sofamor Danek Group, Inc.,* 123 F. 3d 394, 400 (6th Cir. 1997). The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief. *Mayer v. Mylod,* 988 F. 2d 635, 637-38 (6th Cir. 1993). A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F. 2d 1196,1199 (6th Cir. 1990). Finally, this Court may consider the full text of the SEC filings, prospectus, analysts' reports and statements "integral to the complaint," even if not attached, without converting the motion into one for summary judgment under Fed. R. Civ. P. 56. *See I. Meyer Pincus & Assoc. v. Oppenheimer & Co.,* 936 F. 2d 759, 762 (2nd Cir. 1991).

The standard of review "require[s] more than the bare assertion of legal conclusions." *See Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101, 1109 (6th Cir. 1995). And, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

reason, the district court's September 30, 1999 and December 21, 1999 Orders which disposed of this matter with prejudice must be vacated and the case remanded so that the district court can review the PSLRA issue in the context of Plaintiff's Amended Complaint.

### C.  STATE CLAIMS OF PROFESSIONAL NEGLIGENCE & MISREPRESENTATION: Have Plaintiffs Stated a Claim?

At common law, courts refused to impose liability on accountants "in an indeterminate amount for an indeterminate time to an indeterminate class." *Ultramares Corp. v. Touche, Niven & Co.* 255 N.Y. 170, 179; 174 N.E. 441, 444 (1931). Subsequent cases interpreted this decision to mean that only those in privity with accountants could ever hold them liable for professional negligence. *O'Connor v. Ludlam,* 92 F. 2d 50, 53 (2nd Cir. 1937). More recently, however, a growing number of courts have declined to employ a strict privity rule to bar third parties from recovery for accountants' professional negligence. *Haddon View Investment Co. v. Coopers & Lybrand,* 70 Ohio St. 2d 154, 156; 436 N.E. 2d 212, 214 (1982). These cases hold that "[a]n accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." *Id.; Hochfelder v. Ernst & Ernst,* 503 F. 2d 1100, 1107 (7th Cir. 1974), *rev'd on other grounds*, 425 U.S. 185 (1976). The strict interpretation of *Ultramares* has now been rejected by the court which formulated the rule. *White v. Guarente,* 43 N.Y. 2d 356; 401 N.Y.S. 2d 474, 372 N.E. 2d 315 (1977). However, what is significant is that *White* holds that: "the import of *Ultramares* is its holding that an accountant need not respond in negligence to those in the extensive and

---

September 30, 1999 Order, it can be determined that these Orders were entered without first considering Plaintiffs' Amended Complaint.

assessments of MAW showed Cooper to have knowledge of the risk that MAW was misleading Coopers.[8]

Only one of Plaintiffs' allegations must satisfy the pleading standard in order to survive dismissal of the Complaint. *See Federated Management Co., v. Coopers Lybrand,* 137 Ohio App. 3d 366, 738 N. E. 2d 842 (2000). It thus appears that Plaintiffs may have satisfied the necessary pleading standard based upon the allegations of "recklessness" in the Amended Complaint.

While this Court has analyzed the PSLRA issue in the context of both the Complaint and Amended Complaint, it appears that the district court did not review Plaintiff's Amended Complaint prior to issuing its Orders.[9]  For that

---

[8] *See, e.g.,* ¶230 which indicates that Coopers' risk management assessment of November 30, 1994 assigned the highest risk to every aspect of the MAW audit. There are two entries under "Fraud Risk," "Fraud Incentive Risk" and "Integrity and Ethics" and "Control Risk," each of which is rated at the highest risk level of 5; ¶206 alleges that Coopers' apparent realization that MAW had given it "aggressive" figures that portrayed optimistically the carrying capacity of their landfills; ¶¶173-74 allege that Coopers decided to resign in September 1995 based upon its risk assessment, but then decided in November 1995 to continue to work for and certify MAW for an increased fee.

[9] First, the September 30, 1999 Order makes repeated references to Plaintiffs' "Complaint" and makes no reference to Plaintiffs' "Amended Complaint. Second, the Order does not make reference to any numbered allegations exceeding 102. Plaintiffs' Complaint had a total of 104 allegations. Plaintiffs' Amended Complaint had 307 allegations. Third, all references to allegations which may state a claim of fraud were found in the 200 and 300 numbered range of Plaintiffs' Amended Complaint. Fourth, cross-referencing numbered paragraphs cited in the September 30, 1999 Order with the original Complaint show that the citations within the Order match the allegations in the original Complaint. Finally, the district Court's March 21, 2000 Order heavily relies upon the September 30, 1999 Order. Since the September 30, 1999 Order does not show that Plaintiff's Amended Complaint was considered, and the March 21, 2000 Order does not indicate that it was based upon an independent review of Plaintiffs' Amended Complaint and is based significantly upon the

Plaintiffs' claims for professional negligence and negligent misrepresentation are tested for their ability to state a claim under state law. In diversity cases, this Court applies state law in accordance with the controlling decisions of the Ohio Supreme Court. *Erie R. R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Bailey Farms, Inc. v. NOR-AM Chem. Co.,* 27 F. 3d 188, 191 (6th Cir. 1994). If the state supreme court has not yet addressed the issue presented, this Court must predict how it would rule, by looking to "all available data," including state appellate decisions. *Kingsley Associates, Inc. v. Moll Plastic Crafters, Inc.,* 65 F. 3d 498, 507 (6th Cir. 2000).

### 2. Motion for *Hirsch* Remand

A denial of a *Hirsch* Remand is essentially a denial of a motion under Fed. R. Civ. P. 60(b)[6]. *See Begala v. PNC Bank,* 214 F. 3d 776, 784 (6th Cir. 2000). This Court reviews the denial of Fed. R. Civ. P. 60(b) motions for an abuse of discretion. *See Good v. Ohio Edison, Co.,* 149 F. 3d 413, 423 (6th Cir. 1998). A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly." *United Food & Commercial Workers Union, Local 1099, v. Southwest Ohio Regional Transit Authority,* 163 F. 3d 341, 347 (6th Cir. 1998). Legal conclusions are subject to *de novo* review. *See Suster v. Marshall,* 149 F. 3d 523, 528 (6th Cir. 1998).

---

[6] "**Fed. R. Civ. P. 60(b) Mistakes; Inadvertence; Excusable Neglect; newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment . . . . ."

### B.  PRIVATE SECURITIES LITIGATION REFORM ACT & FED. R. CIV. P. 9(b):  Have Plaintiffs Stated a Claim?

Under Fed. R. Civ. P. 9(b), "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."   Plaintiffs may not simply rely on the proposition that Defendants must have known or should have known of, and participated in, the fraud.   Generalized and conclusory allegations that the Defendants' conduct was fraudulent do not satisfy Rule 9(b).  *Decker v. Massey-Ferguson, Ltd.*, 681 F. 2d 111, 114 (2nd Cir. 1982).  As courts have noted, Rule 9(b) has three (3) broad purposes:

"In the context of securities litigation it has generally been held that Rule 9(b) serves three purposes: (1) it ensures that allegations are specific enough to inform a defendant of the act of which the plaintiff complains, and to enable him to prepare an effective response and defense; (2) it eliminates those complaints filed as a pretext for the discovery of unknown wrongs -- a 9(b) claimant must know what his claim is when he files; and (3) it seeks to protect defendant from unfounded charges of wrongdoing which injure their reputations and goodwill."

*Vennittilli v. Primerica, Inc.,* 943 F. Supp. 793, 798 (E.D. Mich. 1996) (quoting *Bennoay v. Decker,* 517 F. Supp. 490, 492 (E.D. Mich. 1981)).  Therefore, plaintiffs are required to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. §78u-4(b)(2).  Under this Court's interpretation of the "required state of mind" under PSLRA:

"[P]laintiffs may plead scienter in §10b or Rule 10b-5 cases by alleging facts giving rise to a strong inference of recklessness, but not by alleging the facts merely establishing that a defendant had the motive and opportunity to commit securities fraud.  Consequently,

we must reject the reasoning of the district court to the extent it concluded that plaintiffs just "plead specific facts that create a strong inference of knowing misrepresentation on the part of the defendants" in order to establish a defendant's scienter in a securities fraud case brought under §10b or Rule 10b-5.

*In re Comshare Inc. Sec. Litig.,* 183 F. 3d 542, 549 (6th Cir. 1999).

While rejecting a stringent pleading requirement, the Sixth Circuit has nonetheless required the plaintiff to plead facts which indicate "a mental state embracing intent to deceive, manipulate or defraud," *Hochfelder v Ernst & Ernst*, 425 U.S. 185, 193 (1976).  This mental state is recklessness, and a Plaintiff may survive a motion to dismiss by pleading facts which give rise to a "strong inference" of recklessness.  In re: *Comshare,* 183 F. 3d at 550.  By this Court's interpretation, "recklessness [is] "highly unreasonable conduct which is an extreme departure from the standards of ordinary care. While the danger need not be known, it must at least be so obvious that any reasonable man would have known of it." *Id.* at 550 (citation and internal quotation marks omitted).

While Plaintiffs' original Complaint does not support an inference of recklessness, the Amended Complaint may support such an inference.  It makes specific references to "reckless" conduct throughout the pleading.[7]  Moreover, there are specific allegations that Coopers' own internal

---

[7] For example, ¶¶138 - ¶165 allege a reckless disregard for the truth regarding MAW's filing of its 10-K form with the SEC for the fiscal year ending 12/31/95 by reason that the information entered onto the forms constituted material, misleading and false misrepresentations; ¶250 alleges recklessness in Defendants' failure to report GAAP violations; ¶276 alleges Coopers' recklessness in its failure to examine the risks of material misstatements in MAW's accounting estimates.