John R. MICKOWSKI, Plaintiff,

v.

VISI–TRAK WORLDWIDE, LLC, Defendant.

No. 1:02 CV 206.

United States District Court, N.D. Ohio, Eastern Division.

March 14, 2003.

Mark A Phillips, Jeffrey A. Crossman, Benesch, Friedlander, Coplan & Aronoff, Stephen V. Cheatham, Cleveland, OH, for Plaintiff.

Alan N. Hirth, Meyers, Roman, Friedberg & Lewis, Jonathon M. Yarger, Chernett, Wasserman, Yarger & Pasternak, Scott D. Simpkins, John R. Climaco, Climaco, Lefkowitz, Peca, Wilcox & Garofoli, Mark E. Staib, Michael P. Shuster, Hahn, Loeser & Parks, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

BAUGHMAN, United States Magistrate Judge.

### I.

In this case the plaintiff, John R. Mickowski, presses a claim of successor liability against the defendant, Visi–Trak Worldwide, LLC (VTW). Mickowski bases his claim on a federal court judgment obtained against VTW's alleged predecessor, Visi–Trak Corporation (VTC). After that judgment, VTC initiated bankruptcy proceedings. VTW purchased substantially all of VTC's assets in a sale approved by the bankruptcy court. VTW now maintains that the sale under the auspices of that court precludes Mickowski's successor liability claim. The parties have consented to the jurisdiction of the magistrate judge.[1]

1. ECF # 32.

VTW has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] Mickowski has opposed that motion,[3] and VTW has filed a reply.[4] Additionally, VTW has filed supplemental authorities,[5] and Mickowski has responded to those authorities.[6]

■ The motion to dismiss presents one issue for decision:

VTW purchased certain assets of VTC in a sale authorized by the Bankruptcy Court under 11 U.S.C. § 363(f). That authorization provided that the sale was "free and clear of all liens." Did that sale insulate VTW from Mickowski's successor liability claim based upon a pre-bankruptcy federal court judgment against VTC, an unsecured claim in VTC's bankruptcy?

The Court concludes that a sale of assets under 11 U.S.C. § 363(f) does not preclude a successor liability claim of an unsecured creditor of the debtor against the purchaser absent an order of the bankruptcy court making the sale free and clear of unsecured claims. The bankruptcy court here did not enter such an order. The Court, therefore, must deny VTW's motion to dismiss.

## II.

As the Supreme Court recently reemphasized in *Swierkiewicz v. Sorema, N.A.*,[7] the task of the court in reviewing the sufficiency of a pleading at the motion to dismiss stage is a limited one.[8] The court must determine not if the claimant will ultimately prevail but whether he is entitled to offer evidence to support his claim.[9]

In making this determination under Rule 12(b), the court must construe the pleading in the light most favorable to the claimant and accept all factual allegations as true.[10] The claimant must do more than make bare assertions of legal conclusions, however.[11] The court need not accept as true legal conclusions or unwarranted factual inferences.[12] Dismissal should issue only if the court can grant no relief under any set of facts proved consistent with the allegations of the pleading.[13]

Viewed in this framework, the facts critical to resolution of the motion to dismiss can be succinctly stated. On March 4, 1999, the United States District Court for the Southern District of New York entered judgment against VTC and in favor of Mickowski in a patent infringement case. Thereafter, on June 15, 1999, VTC filed a petition for reorganization in the United States Bankruptcy Court for the Northern District of Ohio. The resignation of the officers and directors of VTC caused the bankruptcy court to appoint a trustee on November 10, 2000.

In April of 2001 the trustee made a motion for the public sale of substantially all of VTC's assets under 11 U.S.C. § 363(f). The bankruptcy court granted the motion on April 24, 2001. On May 18, 2001, the bankruptcy court entered a confirmation of sale to VTW.

2. ECF # 7.

3. ECF # 8

4. ECF # 13.

5. ECF ## 33, 36.

6. ECF # 35.

7. 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

8. *Id.* at 997.

9. *Id.*

10. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001).

11. *Id.* at 361.

12. *Id.*

13. *Swierkiewicz*, 122 S.Ct. at 998.

■ The bankruptcy court's orders granting the motion for public sale and confirming that sale are attached to Mickowski's opposition to the motion to dismiss.[14] Although these orders come before the Court outside of the pleadings, the Court takes judicial notice of their contents.[15]

The order granting the motion for the public sale of assets makes reference to an Exhibit A, which provides that "assets will be sold 'as is' and 'where is' free and clear of liens."[16] The order confirming the sale to VTW also refers to the same Exhibit A.[17] Neither order contains any "free and clear" language referring to any claims other than "liens."

On August 31, 2001, the bankruptcy court converted the case to a Chapter 7 liquidation. Those proceedings remain pending.

### III.

#### A.

Both VTW and Mickowski argue that the decision of the bankruptcy court for this district in *In re White Motor Credit Corporation*[18] dictates the proper disposition of the motion to dismiss. The Court agrees that *White Motor* is highly instructive and will, therefore, discuss it at some length.

As in this case, unsecured creditors of the debtor, White Motor Corporation, at-tempted to sue the purchaser of assets of the debtor, Volvo White Motor Truck Corporation, on the theory of successor liability.[19] The bankruptcy court had entered an order authorizing the sale to White Motor's assets.[20] In a subsequent order the court approved the sale to Volvo and in that order approved the purchase agreement between White Motor and Volvo "in all respects."[21] The purchase agreement contained an expressed disclaimer of Volvo's assumption of liabilities.[22] Although Volvo subsequently entered into a supplemental agreement assuming some of White Motor's liabilities, the liabilities assumed did not include those of the unsecured creditors in the successor liability suit.[23] Thereafter, the court confirmed a plan of reorganization and discharged White Motor "from any debt that arose before the confirmation date."[24]

The issues before the *White Motor* court were whether the sale of assets to Volvo was free and clear of the unsecured claims in dispute and, if so, whether the federal bankruptcy law supporting that result preempted state successor liability law. The Court began its analysis by acknowledging that 11 U.S.C. § 363(f) provided for sales free and clear of secured claims only.[25] It did not give authorization for sale free and clear of unsecured claims.[26]

The court proceeded, however, to find an alternate ground supporting the sale of the assets free and clear of the unsecured

14. ECF # 8, Exhibits 1 and 2.

15. *Catz v. Chalker,* 142 F.3d 279, 285–86 (6th Cir.1998); *Stupak–Thrall v. United States,* 89 F.3d 1269, 1275 n. 5 (6th Cir.1996) (en banc) (Boggs, J., dissenting).

16. ECF # 8, Exhibit 1.

17. *Id.,* Exhibit 2.

18. 75 B.R. 944 (Bankr.N.D.Ohio 1987)

19. *Id.* at 946.

20. *Id.* at 947.

21. *Id.*

22. *Id.*

23. *Id.*

24. *Id.*

25. *Id.* at 948.

26. *Id.*

claims. It held that under its equitable powers it could authorize the sale of assets free and clear of unsecured claims when necessary to carry out the provisions of Title 11.

> Absence of specific statutory authority to sell free and clear poses no impediment. This authority is implicit in the court's general equitable powers and in its duty to distribute debtor's assets and determine controversies thereto. Authority to conduct such sales is within the court's equitable powers when necessary to carry out the provisions of Title 11. 11 U.S.C. §§ 105(a). The sale in question was in fact conducted under the equitable provisions of Section 105.[27]

It found that the sale in dispute had been conducted under those equitable provisions.[28]

> Additionally, the court found authorization for a sale of assets free and clear of unsecured claims in its power to discharge claims under a plan of reorganization. The court concluded that "a sale conducted through the court's equitable powers can provide the debtor the same degree of relief effected by a sale in a plan of reorganization and, therefore, can affect claims arising prior to confirmation."[29]

The *White Motor* court found that the claims against the debtor at issue arose pre-confirmation and, therefore, were subject to the court's equitable power to sell assets free and clear of unsecured claims.[30]

■ Having concluded that the asset sale was free and clear of the unsecured claims in question, the court moved to the second issue. It framed that issue in the following terms:

> [T]he issue to be decided is whether state successor liability law is pre-empted by federal law *to the extent the claims underlying successor liability have been discharged under a plan of reorganization.*[31]

The court reasoned that it did, at least in the context of the case before it. For preemption, an unavoidable conflict between federal and state law must exist.[32] The court found such a conflict between the purpose of reorganization and impact of successor liability on the accomplishment of that purpose.

> The liability which state law imposes through successor liability is that of the manufacturer. The federal purpose of final resolution and discharge of corporate debt is clearly compromised by imposing successor liability on purchasers of assets when the underlying liability has been discharged under a plan of reorganization. Moreover, successor liability is precluded by Section 1141(c) which specifically frees debtor's property from creditors' claims. Successor liability in these circumstances has, therefore, been pre-empted by the Bankruptcy Code.

The effects of successor liability in the context of a corporate reorganization preclude its imposition. The successor liability specter would chill and deleteriously affect sales of corporate assets, forcing debtors to accept less on sales to compensate for this potential liability. This negative effect on sales would only benefit product liability claimants, thereby subverting specific statutory priorities established by the Bankruptcy Code.[33]

27. *Id.* (citation omitted).

28. *Id.*

29. *Id.* at 949.

30. *Id.*

31. *Id.* at 950 (emphasis in the original).

32. *Id.*

33. *Id.* at 950–51.

The court concluded that the order approving the asset sale precluded successor liability against Volvo and permanently enjoined the suit seeking to impose that liability.[34]

**B.**

■ In applying *White Motor* to this case, the first question is whether the asset sale here was free and clear of Mickowski's claim relating to the pre-petition judgment. Both parties assume that this is an unsecured claim. Although a judgment can give rise to a judicial lien as defined by 11 U.S.C. § 101(36), for purposes of this motion, the judgment did not ripen into a lien.

Neither the order authorizing the public sale of VTC's assets, nor the order confirming the sale to VTW, make any reference to a sale free and clear of anything but liens. Both orders make such reference by way of incorporation of an exhibit. Clearly, therefore, the orders do not authorize or confirm a sale free and clear of unsecured claims such as the judgment in question here.

According to *White Motor*, a sale of assets under § 363(f) is free and clear of secured claims only.[35] It does not extend to unsecured claims. The Sixth Circuit's decision in *In re Wolverine Radio Company*[36] supports this conclusion. There the court concluded that the claim at issue was not the kind of interest *extinguished in a sale under § 363(f)*.[37] The claim, therefore, survived the sale.[38] The court cited *White Motor* in support of that conclusion.[39]

This Court will assume, but need not decide, that the bankruptcy court has equitable powers to order a sale of assets free

and clear of unsecured claims as stated by the *White Motor* court. In any event, the Bankruptcy Court in this case did not exercise equitable powers to make the sale of assets to VTW free of unsecured claims generally, or the unsecured claim of Mickowski specifically. The Court, therefore, need not address the second question set up by the *White Motor* decision—had the sale of assets to VTW been free and clear of Mickowski's claim, would that sale have precluded Mickowski's successor liability claim against VTW?

**IV.**

VTW takes the position that federal bankruptcy law preempts state law whenever a creditor of the bankruptcy debtor brings suit against the purchaser of assets of a debtor on a claim of successor liability. As discussed above, this Court need not reach the preemption question because the bankruptcy court here did not authorize the sale of assets free and clear of Mickowski's claim, a predicate to preemption under *White Motor*. Because the Court understands VTW's argument to mean that any sale of assets through a bankruptcy proceeding will trigger preemption, this opinion will proceed to address that argument.

VTW has cited a number of cases in which various courts have found that a sale of assets in a bankruptcy proceeding precludes a creditor of the debtor from pursuing the asset purchaser on a claim of successor liability. The Court has carefully reviewed these cases. In each of them the bankruptcy court, either in the order authorizing the sale or in the order approving the purchase agreement, provided that

34. *Id.* at 951.

35. *Id.* at 948.

36. 930 F.2d 1132, 1145–46 (6th Cir.1991).

37. *Id.* at 1146.

38. *Id.*

39. *Id.* at 1147 n. 23.

the sale would be free and clear of unsecured claims. In some cases the references to claims were general. In others the references were specific to the claims at issue. In any event, in all of these cases, the courts exercised the equitable power to sell assets free and clear of claims of the debtor, secured and well as unsecured, discussed by the *White Motor* court.[40]

In *Forde v. Kee–Lox Manufacturing, Inc.*,[41] for example, the court order authorizing the sale of assets provided that the sale was "free and clear of liens, including tax liens, if any, claims, encumbrances, demands and rights of creditors, or any other person...."[42] In *In re New England Fish Company*[43] the court approved an asset sale free and clear of a judgment obtained by employees of the debtor for employment discrimination.[44] The court in *In re Paris Industries Corporation*[45] approved a purchase agreement that provided for a sale "free and clear" of "all claims for product liability (to the extent that such claims are in existence or arise out of products manufactured and sold prior to the closing date)."[46] Accordingly, in these cases, and in the other cases that VTW relies upon, the bankruptcy courts expressly exercised equitable powers beyond

11 U.S.C. § 363(f) to make the sales free and clear of unsecured claims.

VTW places heavy reliance upon several articles purporting to stand for the proposition that any bankruptcy sale of assets will preclude claims of successor liability against the purchaser. This reliance is misplaced. The PLI article [47] states that "when a claim is in existence as of the auction and the claimholder had notice of the sale and an opportunity to participate in the chapter 11 case, bankruptcy courts will refuse to impose successor liability upon the purchaser of the debtor's assets." [48] The cases cited in support of this statement involve sales expressly authorized free and clear of unsecured claims.[49] The article from the Journal of Bankruptcy Law and Practice [50] suffers from the same problem. It states as a proposition "in bankruptcy, courts have generally found that successor liability does not follow the purchaser of assets where a claim arises before the sale." [51] The cases cited in support of that proposition, however, involve sales authorized free and clear of unsecured claims.[52]

Furthermore, the PLI article operates from a premise that runs contrary to the *White Motor* decision and the Sixth Cir-

**40.** 75 B.R. at 948.

**41.** 437 F.Supp. 631 (W.D.N.Y.1977).

**42.** *Id.* at 632.

**43.** 19 B.R. 323 (Bankr.W.D.Wash.1982).

**44.** *Id.* at 329.

**45.** 132 B.R. 504 (D.Me.1991).

**46.** *Id.* at 506.

**47.** Harry R. Miller, Michele J. Meiser, & Scott F. Chen, *Asset Sales Pursuant to Section 363 of the Bankruptcy Code*, 840 PLI/Comm. 187 (Sept.2002).

**48.** *Id.* at 213–14.

**49.** *In re P.K.R. Convalescent Ctrs., Inc.*, 189 B.R. 90, 95–96 (Bankr.E.D.Va.1995); *In re White Motor, 75 B.R. at 948; In re All American of Ashburn, Inc.*, 56 B.R. 186, 189, 190 (Bankr.N.D.Ga.1986).

**50.** Michael B. Solow & Harold D. Israel, *Buying Assets in Bankruptcy: A Guide To Purchasers*, J. Bankr.L. & Prac. 87 (2000).

**51.** *Id.* at 93–94.

**52.** *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 576 (4th Cir.1996) (sale authorized free and clear of the debtor's obligations under the Coal Act); *In re All American, Inc.*, 56 B.R. at 189, 190; *In re New England Fish Co.*, 19 B.R. at 329.

cuit's opinion in *Wolverine Radio*—that a sale under 11 U.S.C. § 363(f) is free and clear of all claims without resort to the bankruptcy court's equitable powers.

While some courts have concluded that section 363(f) is limited to in rem interests, ... most courts have held that the exclusion of the word "claims" in section 363(f) is of no import, and sales conducted pursuant to such provision are free and clear of claims and interests....[53] *White Motor*[54] and *Wolverine Radio*[55] expressly rejected that reading of § 363(f).

## V.

Given that the Court has concluded that the asset sale here was not free and clear of Mickowski's claim, and, therefore, the predicate for preclusion of the successor liability claim against VTW does not exist, this opinion need not take up Mickowski's argument that an asset sale should never preempt a successor liability claim. The Court observes, nevertheless, that the cases cited by Mickowski do not support a green light for successor liability claims against asset purchases in all situations.

*Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Tasemkin, Inc.*[56] did not involve a sale of assets under § 363(f) or an exercise of the bankruptcy court's equitable power to sell assets. Rather the successor in that case took the assets by foreclosure in a Chapter 7 proceeding.[57] The other cases relied on by Mickowski stand for the proposition that a purchaser cannot escape successor liability where the claimant did not have notice of the bankruptcy proceeding and

an opportunity to participate in it.[58] This is not the case here. Mickowski participated in the bankruptcy proceeding and in fact objected to the asset sale in question.

## VI.

Because the bankruptcy court did not exercise its equitable power to make the asset sale to VTW free and clear of Mickowski's claim against VTC, Mickowski's successor liability claim against VTW is not precluded. VTW's motion to dismiss is, therefore, denied. It follows from this ruling that Mickowski's complaint in this case is not frivolous and, therefore, not sanctionable under Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927. VTW's motion for sanctions[59] is also denied.

IT IS SO ORDERED.

---

**53.** 840 PLI/Comm. at 212.

**54.** 75 B.R. at 948.

**55.** 930 F.2d at 1146, 1147 n. 23 (citing *White Motor*, 75 B.R. at 948).

**56.** 59 F.3d 48 (7th Cir.1995).

**57.** *Id.* at 49.

**58.** *In re Savage Indus., Inc.*, 43 F.3d 714, 720–22 (1st Cir.1994); *Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir.1994); *RCM Executive Gallery Corp. v. Rols Capital Co.*, 901 F.Supp. 630, 637 (S.D.N.Y.1995).

**59.** ECF # 11.