John R. MICKOWSKI, Plaintiff,

v.

VISI–TRAK WORLDWIDE, LLC, Defendant.

No. 1:02 CV 206.

United States District Court, N.D. Ohio, Eastern Division.

Dec. 1, 2003.

Mark A. Phillips, Jeffrey A. Crossman, Benesch, Friedlander, Coplan & Aronoff, Stephen V. Cheatham, Cleveland, OH, for Plaintiff.

Alan N. Hirth, Meyers, Roman, Friedberg & Lewis, Jonathon M. Yarger, Chernett, Wasserman, Yarger & Pasternak, Scott D. Simpkins, John R. Climaco, Climaco, Lefkowitz, Peca, Wilcox & Garofoli, Mark E. Staib, Michael P. Shuster, Hahn Loeser & Parks, Cleveland, OH, for Defendant.

### MEMORANDUM OPINION AND ORDER

BAUGHMAN, United States Magistrate Judge.

#### I.

In this case the plaintiff, John R. Mickowski, presses a claim of successor liability against the defendant, Visi–Trak World-

wide, LLC ("VTW"). Mickowski bases his claim on a federal court judgment obtained against VTW's alleged predecessor, Visi–Trak Corporation ("VTC"). After that judgement, VTC initiated bankruptcy proceedings. VTW purchased substantially all of VTC's assets in the sale approved by the bankruptcy court.

In response to Mickowski's complaint, VTW filed a counterclaim [1] alleging that this suit breached the terms of a settlement and release agreement entered into between Mickowski and certain individuals having ties to VTW. The counterclaim further asserts that VTW is an intended beneficiary of that agreement.

The parties have consented to the jurisdiction of the Magistrate Judge.[2] Mickowski has filed a motion to dismiss the counterclaim.[3] VTW has opposed the motion,[4] and Mickowski has filed a reply.[5] VTW, in turn, has moved for summary judgment,[6] which Mickowski has opposed.[7] VTW has filed a reply.[8]

The following issue is dispositive of both motions:

> Mickowski brought a patent infringement claim against VTC and certain of its officers. He obtained a judgment against the corporation and settled the claim against the officers. Certain of the officers formed VTW, which purchased the assets of VTC after that settlement. Mickowski then sued VTW for successor liability. Does the settlement and release agreement between Mickowski and the officers bar Mickowski's successor liability claim against VTW?

The Court concludes that the settlement and release agreement at issue did not extinguish VTC's liability on the judgment for patent infringement, a necessary element of Mickowski's successor liability claim. Regardless of whatever rights VTW may have acquired under that agreement, the release did not discharge the successor liability claim. The Court, therefore, must grant Mickowski's motion to dismiss the counterclaim as directed against the successor liability claim and deny VTW's motion for summary judgment thereon.

**II.**

In compliance with an order of the Court,[9] the parties filed a comprehensive stipulation of the facts not in dispute for purposes of the pending motion.[10] The Court incorporates that stipulation, with the exhibits attached thereto, by reference.

**III.**

■ As an initial matter, Mickowski argues that the counterclaim does not plead sufficient operative facts to state a claim for relief.

As the Supreme Court reemphasized in *Swierkiewicz v. Sorema, N.A.*,[11] the task of the court in reviewing the sufficiency of a pleading at the motion to dismiss stage is a

---

1. ECF # 44.

2. ECF # 32.

3. ECF # 45.

4. ECF # 48.

5. ECF # 49.

6. ECF # 47.

7. ECF # 52.

8. ECF # 53.

9. ECF # 57.

10. ECF # 64.

11. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

limited one.[12] The court must determine not if the claimant will ultimately prevail but whether he is entitled to offer evidence to support his claim.[13]

In making this determination under Rule 12(b), the court must construe the pleading in the light most favorable to the claimant and accept all factual allegations as true.[14] The claimant must do more than make bare assertions of legal conclusions, however.[15] The court need not accept as true legal conclusions or unwarranted factual inferences.[16] Dismissal should issue only if the court can grant no relief under any set of facts proved consistent with the allegations of the pleading.[17]

For most claims, Civil Rule 8(a) provides the measure of the sufficiency of a pleading.[18] That rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." [19] That statement need only give the opponent fair notice of the claim and the grounds upon which it rests.[20] The simplified notice pleading standard established by Rule 8(a) relies upon liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.[21]

VTW's counterclaim satisfies the sufficiency requirements of Rule 8(a). The counterclaim puts Mickowski on notice that VTW alleges that the claims in the complaint were released by a specifically identified settlement agreement and that VTW purports to be an intended third-party beneficiary of that agreement. From the briefs filed on the pending motions, it is apparent that Mickowski had no difficulty understanding VTW's counterclaim and attacking it on the merits. The Court, therefore, must reject Mickowski's argument that the counterclaim fails to plead sufficient operative facts.

## IV.

Counsel for the parties agreed at the oral argument in this case that the outcome of the pending motions turns upon the interpretation of certain terms of the settlement and release agreement entered into by Mickowski and certain parties on May 26, 2001.[22]

No significant dispute exists about the principles that apply to the interpretation of the settlement and release agreement. The interpretation of that document is a matter of law for the Court.[23] Common words in the document must be given their ordinary meaning unless doing so produced an absurd result or some other meaning clearly emerges from the face or contents of the document.[24]

**12.** *Id.* at 511, 122 S.Ct. 992.

**13.** *Id.*

**14.** *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir.2001).

**15.** *Id.* at 361.

**16.** *Id.*

**17.** *Swierkiewicz,* 534 U.S. at 513, 122 S.Ct. 992.

**18.** *Id.* at 514, 122 S.Ct. 992.

**19.** Fed.R.Civ.P. 8(a)(2).

**20.** *Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. 992.

**21.** *Id.* at 513–14, 122 S.Ct. 992.

**22.** Transcript of the oral argument of October 30, 2003 ("10/30/03 Tr.") at 3–4. The settlement and release agreement appears as Exhibit 6 to the stipulations of fact, ECF # 64.

**23.** *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 374 N.E.2d 146 (1978) (¶ 1 of the syllabus).

**24.** *Id.* (¶ 2 of the syllabus).

The Court may consider parole evidence only if it finds the terms of the contract ambiguous.[25] Such parole evidence is admissible only to interpret and not to contradict the express language of the contract.[26] The question of whether the language of a contract is ambiguous is one of law.[27]

If the contract's language is clear and unambiguous, no issue of fact exists. The interpretation of ambiguous language, however, is a factual issue, the outcome of which depends upon the intent of the parties.[28]

The Court will proceed to interpret the settlement and release agreement consistent with these principles.

## V.

The following background is important to the resolution of the interpretation questions presented by the pending motions. Mickowski filed suit in the United States District Court for the Southern District of New York for patent infringement against VTC and three of its officers—John Vann, John Branden, and Ying Shen.[29] The district court in that case entered judgment against VTC but dismissed the individual defendants for improper venue.[30]

Mickowski filed an action in the United States District Court for the Northern District of Ohio against the officers of VTC for patent infringement.[31] This suit asserted against the defendants the same claims brought against them in the Southern District of New York.[32]

While the suit against the individual defendants pended before this Court, VTC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Ohio.[33] Mickowski thereafter filed an adversary proceeding in the Chapter 11 case arising out of alleged acts or omissions that took place after the filing of the bankruptcy petition.[34] He joined as defendants in that adversary proceeding the individual defendants in the Ohio patent case and Kathleen Vann, the wife of patent defendant, John Vann.[35]

On March 26, 2001, Mickowski entered into a settlement and release agreement with John Vann, John Branden, Ying Shen, Thomas Vann, and Kathleen Vann.[36] That agreement provided for the dismissal of both the Ohio patent case and the adversary proceeding, and those cases were thereafter dismissed.[37]

In May of 2001, VTW purchased substantially all of VTC's assets at a public auction conducted pursuant to an order of the Bankruptcy Court.[38]

---

25. *The Lincoln Electric Co. v. St. Paul Fire Marine Ins. Co.*, 210 F.3d 672, 683 (6th Cir. 2000).

26. *Id.*

27. *Id.* at 683–84.

28. *Id.* at 684.

29. ECF # 64, ¶ 6; 10/30/03 Tr. at 10.

30. ECF # 64, ¶¶ 7 and 8; 10/30/03 Tr. at 10–11.

31. ECF # 64, ¶ 7, 10/30/03 Tr. at 11.

32. 10/30/03 Tr. at 11.

33. ECF # 64, ¶ 10, 10/30/03 Tr. at 11.

34. ECF # 64, ¶¶ 14, 15; 10/30/03 Tr. at 11.

35. ECF # 64, ¶¶ 14, 15.

36. ECF # 64, ¶ 20.

37. ECF # 64, ¶¶ 23, 24, and 25.

38. ECF # 64, ¶¶ 30 and 31.

Against the backdrop of these facts, VTW argues that the settlement and release agreement bars the successor liability claim that Mickowski asserts in this case. It points to two paragraphs of the agreement as the source of that bar—paragraphs 3 [39] and 13. [40]

Paragraph 3 contains the release given by Mickowski as a condition to the agreement.

> Mickowski, on behalf of himself, his heirs, executors, administrators, insurers, assigns, partners, and affiliated persons and entities hereby forever releases, acquits, and discharges John R. Vann, Ying Shen, John T. Branden, Thomas Vann, Kathleen Vann, the present and former officers, directors, shareholders, and employees of Visi–Trak Corporation, and their immediate family members, heirs, executors, administrators, insurers, agents, and assigns (collectively the "Defendant Releasees"), of and from any and all claims, causes of action, debts, suits, rights of action, dues, sums of money, accounts, liabilities, losses, expenses, including without limitation, attorneys' fees, charges, liens, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, demands, or obligations of any kind or nature whatsoever, known or unknown, matured or unmatured, liquidated or unliquidated, absolute or contingent, at law, equity or otherwise, which Mickowski had, has, or claims to have against the Defendant Releasees, arising from any act or omission of the Defendant Releasees occurring at any time up to and including the date hereof. [41]

This paragraph identifies John Vann, Ying Shen, John Branden, Thomas Vann, and Kathleen Vann as the named parties released. It applies to claims "arising from any act or omission of the Defendant Releasees occurring at any time up to and including the date hereof." [42] Counsel for VTW concedes that this paragraph, standing alone, does not work a release of the successor liability claim. [43]

Paragraph 13 identifies those parties intended to be benefitted by the terms of the settlement release and agreement.

> The terms and provisions of this Settlement and Release Agreement shall inure to the benefit of, and be binding upon, Trustee, the Visi–Trak Corporation, its creditors, Mickowski, John R. Vann, Ying Shen, John T. Branden, Thomas Vann, and Kathleen Vann, and their respective past, present, and future parent companies, subsidiaries, divisions, affiliates, partners, predecessors, successors, directors, officers, trustees, employees, stockholders, owners, creditors, heirs, executors, administrators, attorneys, agents, insurers, representatives, and assigns.

According to VTW, reading paragraphs 3 and 13 together, its potential successor liability on the patent judgment against VTC was discharged. [44]

## VI.

█ The parties have presented the Court with two differing interpretations of paragraph 13 of the settlement and release agreement. VTW posits that it is an "affiliate" of John and Kathleen Vann, releasees named in paragraph 3, who own or control

---

39. ECF # 64, Ex. 6, pp. 2–3.

40. *Id.*, p. 7.

41. ECF # 64, Ex. 6, pp. 2–3.

42. *Id.*

43. 10/30/03 Tr. at 13.

44. *Id.* at 13–14.

all of its shares.[45] VTW reasons that paragraph 13 makes an affiliate of parties named in paragraph 3 the equivalent of a "Defendant Releasee" under that paragraph.[46] As such, it is released from all claims arising out of its acts or omissions "at any time up to and including the date" of the agreement.[47]

Mickowski, on the other hand, submits that paragraph 13 merely gives those identified therein the benefit of any release that a "Defendant Releasee" may obtain by operation of paragraph 3.[48] In other words, paragraph 13 merely extinguishes any vicarious liability that an "affiliate" may have for acts or omissions of others released under paragraph 3.[49]

The Court need not choose between these two interpretations because, under either, Mickowski's successor liability claim is not released.

Under VTW's interpretation, it is entitled to the same release as if it had been specifically named in paragraph 3. VTW concedes that paragraph 3 did not discharge VTC's corporate liability on the New York patent judgment.[50] Mickowski's successor liability claim is based upon that corporate liability.[51] VTW had done nothing as of the date of the release to give rise to the successor liability claim.[52] It purchased the assets of VTC after the agreement's execution.[53] Accordingly, even if VTW had "Defendant Releasee" status under paragraph 3, that paragraph would not operate to discharge the successor liability claim.

VTW fairs no better under Mickowski's interpretation. The settlement and release agreement did discharge the patent infringement liability of certain individuals named in paragraph 3.[54] VTC as a legal entity could only commit patent infringement by the acts of its employees and agents.[55] The discharge of the personal liability for patent infringement of certain of VTC's officers and employees by operation of paragraph 3 did not discharge the corporate liability, however.[56] The successor liability claim is based upon the corporate liability of VTC, not upon the personal liability of its officers and agents.[57] Accordingly, no discharge of the corporate liability underlying the successor liability claim occurred by operation of paragraph 3 by which VTW, as an affiliate under paragraph 13, could benefit.

## VII.

In reviewing the briefs on the pending motions, it appears to the Court that the parties have concentrated on the first two counts of the complaint—the successor liability claim—and have said little about the third count for fraud.

In that count, Mickowski alleges that VTW perpetrated a fraud by three identified acts:

- the formation of VTW,

45.  ECF # 48 at 13.

46.  10/30/03 Tr. at 14.

47.  ECF # 67, Ex. 6 at 3.

48.  10/30/03 Tr. at 23.

49.  *Id.*

50.  *Id.* at 18.

51.  *Id.* at 20.

52.  *Id.* at 19–20.

53.  *Id.* at 9.

54.  *Id.* at 16.

55.  *Id.* at 16–17.

56.  *Id.* at 18.

57.  *Id.* at 20.

- the abandonment of VTC by its officers and directors, and

- VTW's purchase of substantially all of VTC's assets.[58]

The Court does not presently have before it adequate briefing to decide what effect, if any, the settlement and release agreement has on this claim. The Court must, therefore, deny both pending motions without prejudice to the extent that they relate to Count III of the complaint and the counterclaim asserted in response to that count.

The Court has issued an order establishing a schedule for the filing of motions for summary judgment in this case.[59] All further pretrial arguments for judgment as a matter of law must be incorporated into the motions filed pursuant to that schedule.

## VIII.

Based upon the foregoing analysis, it is hereby ORDERED:

- Mickowski's motion to dismiss VTW's counterclaim,[60] as related to Counts I and II of the complaint, is granted.

- VTW's motion for summary judgment,[61] as related to Counts I and II of the complaint, is denied.

- Mickowski's motion to dismiss VTW's counterclaim, as related to Count III of the complaint, is denied without prejudice.

- VTW's motion for summary judgment, as related to Count III of the complaint, is denied without prejudice.

58. ECF # 1, ¶ 22.

59. ECF # 67.

60. ECF # 45.

- VTW's motion to amend its counterclaim[62] is denied as moot.

IT IS SO ORDERED.