986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Ernest DEAN, Defendant-Appellant.
 No. 92-6494.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 22, 1992
Decided: February 18, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Woodrow Wilson Jones, Senior District Judge. (CR-86-124-SH, CA-90-19-SH-C)
 John Ernest Dean, Appellant Pro Se.
 Max Oliver Cogburn, Jr., Office of the United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John Ernest Dean appeals from the district court's disposition of his motion pursuant to 28 U.S.C. § 2255 (1988). Though the district court granted relief, Dean contends the relief was inadequate. We affirm.
 
 
 2
 Dean was convicted in both state and federal court on drug charges arising from the same underlying course of conduct. During plea negotiations in the federal case Dean and the Government agreed that Dean would be sentenced to fifteen years without parole and would receive a credit toward his federal sentence for time served in South Carolina on the related state charges. This credit was eventually incorporated into Dean's sentence. However, the credit was unacceptable to the Bureau of Prisons.
 
 
 3
 The Bureau concluded that giving Dean credit for the time served in state prison would result in improper double counting in violation of 18 U.S.C. § 3568 (repealed 1987).[1] Dean was denied the credit by the Bureau and he subsequently moved under § 2255 for a vacation or correction of his sentence. The Government acknowledged that it had been the agreement of the parties that Dean would receive credit against his federal sentence for state time served. It also acknowledged that such a credit was improper under federal regulations. However, as the credit had been part of the agreement underlying Dean's plea, the Government conceded that Dean was nonetheless entitled to the benefit of his bargain. After an evidentiary hearing, the Court adopted a solution proposed by the Government and reduced Dean's federal sentence by 623 days, the amount of time the parties agreed Dean spent in state custody.
 
 
 4
 The thrust of Dean's argument on appeal appears to be that while the court purported to credit him for 623 days served in state custody, his statutory release date as calculated by the Bureau has not advanced by 623 days.[2]
 
 
 5
 Whether Dean is sentenced to fifteen years with a credit for 623 days, or to thirteen years, three months, and sixteen days as he was in the revised sentence, he must serve the same maximum number of days in prison, 4852. Under the longer sentence, however, it is possible for Dean to earn a greater number of good time days. Because the Bureau calculates the statutory release date on the basis of the maximum sentence less the maximum good time days, the release date is affected by the amount of potential good time available.
 
 
 6
 Dean argued that in order to ensure that he was given the benefit of his bargain he should also have received good time credit for the 623 days of state time. However, Dean admitted at the evidentiary hearing that the plea agreement stated only that he would get credit for time served in state custody. He also admitted that the agreement itself made no reference to good time credit and that he had never discussed the issue of good time credit with his attorney. The Government produced testimony that the Assistant United States Attorney who negotiated the plea agreement never discussed good time credits with Dean or his attorney. In light of this evidence, we conclude that Dean was not entitled to good time credit for the 623 days he served in state custody.
 
 
 7
 The revised sentence imposed by the district court provided Dean the same sentence contemplated by the terms of the plea agreement. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Because Dean's offenses were committed before November 1, 1987, this section remains applicable to him
 
 
 [2]
 Dean's statutory release date advanced by only 418 days