RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0433p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

No. 07-1266

JAMES A. PICKENS,

*Petitioner-Appellee,*

*v.*

CAROL R. HOWES,

*Respondent-Appellant.*

Nos. 07-1266; 08-1264

No. 08-1264

JAMES A. PICKENS,

*Petitioner-Appellant,*

*v.*

CAROL R. HOWES,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-73366—Arthur J. Tarnow, District Judge.

Argued: October 22, 2008

Decided and Filed: December 2, 2008

Before: BOGGS, Chief Judge; and COLE and COOK, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Andrew N. Wise, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Petitioner. Debra M. Gagliardi, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Respondent. **ON BRIEF:** Andrew N. Wise, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Petitioner. Debra M. Gagliardi, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Respondent.

1

---

**OPINION**

---

BOGGS, Chief Judge.  While in jail on concealed-weapon and automobile-theft charges, James Pickens pleaded guilty in 1981 to prison escape and second-degree murder. *See* MICH. COMP. LAWS §§ 750.193, 750.317.  Under the terms of his plea agreement, the escape and murder sentences were to be served concurrently with one another and consecutively with his earlier sentence. Unbeknownst to the defendant, prosecutors, or the court, Michigan law requires that any escape conviction be served consecutive to all other sentences.  When the state trial court discovered the error, rather than allowing Pickens to withdraw his plea, the court simply amended his sentence to comply with the state law—even though that action meant Pickens now had a sentence with an additional 3-to-5 years in prison.  Pickens did not learn of the discrepancy between the state court's oral pronouncement and its written order until 2002.

There are two appeals now before us.  After Pickens was denied relief in state court, he filed a federal habeas petition contending that the plea violated his due process rights.  The district court agreed and issued a conditional writ, requiring that Pickens be permitted to withdraw his plea agreement.  Michigan filed a motion to modify the court's order, arguing that if a state court vacated Pickens's escape conviction, it would no longer be necessary to allow Pickens to withdraw his plea. Pickens maintained that he must be permitted to withdraw his plea and the state should have to retry him on the 29-year-old charge even if the escape conviction is vacated.  At Michigan's request, a state court then vacated Pickens's escape conviction. The district court declined Michigan's motions to modify, and Michigan filed a notice of appeal. (No. 07-1266).  While this appeal was pending, Michigan filed a Fed. R. Civ. P. 60(b) motion, which the district court proceeded to grant.  In its January 16, 2008 decision, the district court declared that the writ had been satisfied and dismissed Pickens's complaint. (No. 08-1264).  Unsurprisingly, Pickens appealed this latter decision, and now contends that Michigan's previous notice of appeal divested the lower court of jurisdiction.

We hold that the district court erred both in denying Michigan's motion to modify its original order and in granting Michigan's Rule 60(b) motion.  Pickens's due process rights were fully vindicated by the state court's decision vacating his escape conviction, and the Constitution does not require withdrawal of a plea to an illegal sentence when the defendant's sentence is modified to give him the benefit of his original agreement.  With respect to Pickens's appeal, the district court was without jurisdiction to grant Michigan's Rule 60(b) motion, and we therefore reach the merits of the district court's original rulings on Pickens's habeas petition. *See First Nat. Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345 n.1 (6th Cir. 1976); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 359 n.1  (6th Cir. 2001).

I

Pickens was serving a sentence on concealed-weapon and automobile-theft charges.  He subsequently pleaded guilty to escape from prison and second-degree murder. Under the plea agreement, the sentences for these new crimes were to run consecutive to his previous convictions and concurrently with each other (40 to 60 years for second-degree murder, 3-to-5 years for escape). In entering the plea, Pickens, his attorney, the judge, and the prosecutors were all apparently ignorant of a Michigan law requiring that any sentence for escape must be served consecutive to all other sentences.  MICH. COMP. LAWS § 768.7a.  Rather than vacate the agreement and give the defendant an opportunity to renegotiate, the state trial court simply entered a written judgment of the sentence that comported with Michigan law.  The overall effect was to add 3-to-5 years to Pickens's prison term by making the escape and murder sentences run consecutively.

Although Pickens filed other legal challenges in subsequent years, there is no indication that he became aware of the change until he filed the habeas petition at issue in this case. He alleged that the original plea was illusory and violated his constitutional rights because of the disparity between the terms he had agreed to and the written order entered by the state trial court. On November 30, 2006, the district court agreed and issued a conditional writ of habeas corpus. In particular, the court held, "Petitioner's plea was not knowingly entered because he was misinformed as to the terms of his plea agreement and his plea was based upon an unfulfilled promise."

Michigan filed a motion to modify, proposing the writ be amended to say that withdrawal of Pickens's plea would be unnecessary in the event that the state court vacated his escape conviction. The district court denied this motion. The court also refused to hold the case in abeyance until a state court had an opportunity to vacate the escape conviction, but suggested this might satisfy the conditional writ. "This denial is without prejudice to Respondent's right to seek amendment of the conditional Writ if the Washtenaw County Circuit Court vacates the escape conviction and credits the time served the escape conviction to Petitioner's sentence for second-degree murder." On February 7, 2007, the Washtenaw County Circuit Court vacated the escape conviction and credited Pickens's time served to the murder conviction. Later that month, Michigan filed a notice of appeal of the district court's order granting a conditional writ.

Michigan then filed a second motion to modify the order on the grounds that the escape conviction had now been vacated and therefore Pickens had received whatever benefit he was entitled to under the original plea. The district court again denied this motion, but did grant Michigan's motion to stay the release of Pickens pending the appeal. In a final attempt to have the district court reopen Pickens's habeas petition and find the conditional writ satisfied, Michigan filed a Fed. R. Civ. P. 60(b) motion. This rule allows a judge to revisit a final judgment under certain circumstances—such as mistake, fraud, or when the judgment has been satisfied and no legitimate grievance exists. In its motion, Michigan requested that the district court find the writ satisfied and dismiss petitioner's case on the grounds that whatever right Pickens had was vindicated by the state court's decision. Even though a notice of appeal had been filed and both parties had already submitted briefs with the Sixth Circuit, the district court granted Michigan's motion and modified its previous order to provide that the writ had been satisfied by vacation of the escape conviction. In response, Pickens filed a motion for reconsideration and then a notice of appeal. On April 1, 2008, the district court denied Pickens's motion for reconsideration, and granted a certificate of appealability.

II

The district court was correct in concluding that the amended sentence could not be left in place. At a minimum, the defendant must have a "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). And a plea cannot be knowingly entered into if the sentence enumerated in the court's written order deviates from the terms reached with the defendant. *Santobello v. New York*, 404 U.S. 257, 261-62 (1971) ("The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known."); *United States v. Stephens*, 906 F.2d 251 (6th Cir. 1990) (holding that a defendant "knowingly" enters a plea when he understands the maximum sentence he can receive). Simply extending Pickens's sentence by several years to reconcile it with state law violated his rights under the Due Process Clause.

That prosecutors did not deliberately withhold information about Michigan law or otherwise mislead Pickens in negotiating a plea makes no difference. The Sixth Circuit has held a sentence pursuant a plea bargain violates the Due Process Clause whenever "false information formed part of the basis for the sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988). This involves a two-step inquiry: "defendant must show, first, that the information before the sentencing

court was false, and second, that the court relied on the false information in passing sentence." *Ibid.* It is unnecessary for the defendant to demonstrate that prosecutors intentionally deceived him or otherwise acted in bad faith. Rather, even when the prosecutor is unaware that certain information is false, the Due Process Clause may still be violated. So when a defendant agrees to a sentence that is not permitted by law, courts have found the plea bargain is illegitimate. *United States v. Greatwalker*, 285 F.3d 727 (8th Cir. 2002); *Baker v. Barbo*, 177 F.3d 149, 155 (3d Cir.), *cert. denied*, 528 U.S. 911 (1999); *Correale v. United States*, 479 F.2d 944, 947 (1st Cir. 1973).

Because the state court vacated the escape conviction, the question before us is whether the district court erred in denying Michigan's motion to reconsider its conditional writ. The first step of this inquiry is to determine whether a defendant should be allowed to withdraw his plea even if the new sentence is both legal and gives him the entire benefit of the original plea. Next we must determine whether vacating Pickens's escape sentence negatively affected him such that he would be better off under the terms he anticipated when he pleaded guilty than under the modified sentence. Br. Appellant at 9 (No. 08-1264).

A.  Is Withdrawal of an Illegal Plea Always Required?

Although a defendant may generally withdraw a plea bargain calling for an illegal sentence, it is unclear whether the same remedy should apply when the state court modifies the sentence, making it consistent with the law and giving the defendant the benefit he bargained for in his original agreement. Some circuits have held that such cases should be excepted from the general rule, because a defendant's due process rights are not violated when an illegal plea is reconciled with the law. The Eighth Circuit, for example, held that "[w]ithdrawal of the plea may be unnecessary when the agreed-on sentence exceeds the sentence authorized by law and the government accepts a sentence reduced to the legal term . . . ." *Greatwalker*, 285 F.3d at 730. Likewise, the Fourth Circuit reached this conclusion with respect to a plea whereby defendant agreed to serve 15 years without parole on a federal charge, but with credit for time served on analogous state charges. *United States v. Dean*, No. 92-6494, 1993 WL 40900 (4th Cir. Feb. 18, 1993). In that case, the Bureau of Prisons subsequently determined that a federal statute (later repealed) barred such credit. *Id.* at *1. To accommodate the defendant, the government proposed the defendant's fifteen-year sentence be lowered by the 623 days he served in state custody. The Fourth Circuit held this accommodation "provided Dean the same sentence contemplated by the terms of the plea agreement," thus eliminating the need to allow him to withdraw his plea. *Id.* at *2.

This is an issue of first impression for the Sixth Circuit, and we hold that when a sentence is modified to make it consistent with state law and to give the defendant the benefit of his original plea agreement, the Constitution does not require the withdrawal of a once-illegal plea. This outcome is not only consistent with the law, it is fair to those who enter plea agreements. After all, if a defendant accused of two crimes is willing to serve two sentences concurrently, logic dictates that the defendant would be equally amendable to serving the same sentence for the more serious crime with the other charge being dropped. Federal courts have "broad discretion in conditioning a judgment granting habeas corpus relief, and may dispose of habeas corpus cases "as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see* 28 U.S.C. § 2243. And we hold that it is unnecessary to permit a person to withdraw an illegal plea or require the state to retry a case when the defendant's sentence has been modified to make the sentence legal and to give the defendant every benefit of his bargain.

B.  Has Pickens Been Negatively Affected?

There remains the issue of whether Pickens has been afforded all the benefits of his original plea. Pickens claims that "vacation of the escape conviction did not give [him] the full benefit of his plea agreement . . . ." Br. Appellant at 9 (No. 08-1264). He offers three different theories as to

how he has been negatively affected.  His first contention is that he has already served time for the escape conviction, which will not be credited toward the murder conviction.  This argument is explicitly dealt with in the state court's order vacating the escape conviction, which indicates that Pickens is to be put in the same position as if the original agreement had been enforceable.  As Michigan concedes and the district court recognized, any time Pickens has served under the now vacated escape conviction must be credited toward the time he must serve for murder.

Next Pickens alleges that the conditions in which he was incarcerated were worse because his escape and murder sentences were designated to run consecutively as opposed to concurrently.  However, the security classification guidelines of the Michigan Department of Corrections do not bear out this theory.  Only one factor is tied to the length of a prisoner's sentence, and it provides that prisoners who are within 7 years of their release date are eligible for a lower classification.  Pickens's earliest possible release date is still more than 7 years away, whether his sentences ran consecutively (as the written judgment provided) or concurrently (as he believed).  Now that Pickens's escape conviction has been vacated, he is in fact in a better position than if his plea had been legally enforceable.  Pickens currently resides in the Lakeland Correctional Facility, and is classified as Level II.  Because the escape conviction is no longer part of his record, he is eligible to be reduced to Level I—the next lowest—2-to-3 years earlier than he would be otherwise.  Moreover, Pickens's claim that he is better off now under the prison's security classification system with the escape conviction vacated than with the escape sentence imposed concurrently is beside the point.  The precise conditions of his incarceration were never addressed in his plea, and Pickens's security classification could be altered without denying him any benefit of the bargain he struck.  *See Dean*, 1993 WL 40900, at *1.

Finally, Pickens notes that his security classification has changed and his privileges have been reduced since he filed this case.  Br. Appellant at 13 (No. 07-1266).  But these changes are unrelated to the vacation of his escape conviction, and do not implicate due process concerns.  *Ibid.*; *Dean*, 1993 WL 40900, at *1.

### III

Since we have resolved Michigan's appeal of the district court's order denying its motion for reconsideration, Pickens's appeal is arguably moot.  However, because our authority to resolve the first issue in part hinges on whether the district court had jurisdiction to dismiss Pickens's petition and find the writ fully satisfied, we will address Pickens's appeal as well.  We hold the district court did not have jurisdiction to grant Michigan's Rule 60(b) motion after a notice of appeal had already been filed in connection with an earlier order.  This issue was unequivocally resolved in *Hirsch*.  After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion.  *Hirsch*, 535 F.2d at 345 n.1.  The district court may entertain such a motion and request the case be remanded, but it cannot act independently once divested of jurisdiction by virtue of an appeal.  *Bovee*, 272 F.3d at 359 n.1.

This issue is not a novel one.  The Sixth Circuit has previously concluded that filing of a notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and the district court is thereafter without jurisdiction to grant a motion under Fed. R. Civ. P. 60(b).  *Hirsch*, 535 F.2d at 345 n.1.[1]  Once divested of jurisdiction, the district court may "aid the appellate process" but may not independently grant a Rule 60(b) motion.  *Ibid.*  The Sixth Circuit has set forth specific

---

[1]The First, Fifth, Seventh, Eighth, and District of Columbia Circuits have all reached the same conclusion. *See Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39 (1st Cir. 1979), *cert. denied*, 450 U.S. 912 (1981); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976); *Textile Banking v. Rentschler*, 657 F.2d 844 (7th Cir. 1981); *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303 (8th Cir. 1977); and *Salsbury v. United States*, 356 F.2d 822 (D.C. Cir. 1966).

procedures for a district court that wishes to intervene after a case has been appealed—procedures the district court did not follow in this case. In *Bovee*, this court advised: "If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief." 272 F.3d at 359 n.1. Even though the district court is without jurisdiction, it can be involved. In fact, filing a motion before the district court is essential to seeking relief under Rule 60(b) at the appellate level. *See Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) (dismissing a Fed. R. Civ. P. 60(b) motion made directly to the court of appeals on the grounds that the motion was not first filed in the district court).

In the case at bar, the district court was without jurisdiction to grant a motion under Fed. R. Civ. P. 60(b). Although Michigan correctly notes that the district court is free to "aid the appellate process," *Hirsh* explicitly precludes the district court from independently finding that its earlier judgment has been satisfied. Michigan insists further that the "district court retains such jurisdiction because questions concerning the physical custody of a petitioner pending review does [sic] not affect the matters involved in the appeal itself." Br. Appellee at 15 (No. 08-1264) (citing *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992)). While true, the case at bar concerns far more than Pickens's physical custody *pending review*. It concerns the broader issue of his physical custody following judicial review.

If we had found that defendant's constitutional rights had been violated and that withdrawal of his plea was necessary, we would have treated the district court's order as a request for remand. Such a result would be consistent with *Bovee*, 272 F.3d at 359 n.1. It is also consistent with the idea that even if the district court is without jurisdiction to grant the motion, it must as an initial matter entertain it and make a request to the court of appeals. *See LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) ("[A] lower court *may* entertain a motion for relief from judgment filed during the pendency of an appeal") (emphasis in the original); *Dobrowiak v. Convenient Family Dentistry, Inc.*, 2008 WL 450474, at *1 n.2 (E.D. Mich. Feb. 15, 2008) ("[T]he Sixth Circuit has recognized that district courts have at least some discretion to entertain a motion for relief from judgment notwithstanding a pending appeal."); *Reeves v. Jensen*, 2007 WL 2381942, at *1 (W.D. Mich. Aug. 17, 2002) ("Notwithstanding this court's lack of jurisdiction to rule on plaintiff's motion, case law indicates that it would be proper for the court to indicate whether it would be inclined to grant the motion.").

IV

Although this case presents a procedural conundrum, the actual legal issues at work are relatively simple. When the defendant is given the benefit of the original plea and his revised sentence comports with the law, his rights are not violated even if the original plea was technically illegal. Likewise, the district court did not have jurisdiction to grant Michigan's Rule 60(b) motion after an appeal had already been filed. Therefore we REVERSE the district court's denial of Michigan's motion for reconsideration, and find the conditional writ has been satisfied.