In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1683

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOSHUA W. HENRY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 3:10-cr-50038-1—**Frederick J. Kapala**, *Judge.*

ARGUED OCTOBER 24, 2012—DECIDED DECEMBER 7, 2012

Before POSNER, WOOD, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* Joshua W. Henry pleaded guilty to two counts of using a communication facility to further the commission of a drug felony. As part of his plea agreement, he waived the right to appeal any part of his sentence. The district court sentenced him to 96 months' imprisonment to run consecutive to his undischarged state sentence. Henry argues on appeal that his plea was not knowingly given because the

district court did not explain that his federal sentence could be consecutive to his undischarged state sentence. He also argues that his waiver of appellate rights is ineffective because it stands or falls with the plea.

## I.

On December 5, 2008, Henry pleaded guilty to several drug offenses in Iowa state court. On March 2, 2009, the state court sentenced him to 10 years' imprisonment, suspended, and 5 years' probation. Later that same day, Henry and Larry Parazine took a trip from Dubuque, Iowa, to the Chicago, Illinois, area. On the way, Henry used his cellular telephone at least twice to contact his drug supplier in the Chicago area. Henry purchased heroin and cocaine from his supplier, intending to distribute the drugs in Iowa. While Henry and Parazine were driving through Jo Daviess County in the northwest corner of Illinois, they were stopped by law enforcement. As a result, the Iowa state court revoked Henry's probation and sentenced him to 10 years' imprisonment.

Henry was subsequently charged in federal court with drug conspiracy and possession offenses. On December 7, 2011, he pleaded guilty to a superseding information that charged him with two counts of using a telephone to distribute cocaine in violation of 21 U.S.C. § 843(b). As part of his written plea agreement, Henry "agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 96 months. Other than the agreed term of incarceration, [he] agreed that the Court remains free to impose the sentence

it deems appropriate." The plea agreement states that it "is entirely voluntary," and contains the following provisions:

> c. **Waiver of appellate and collateral rights.** Defendant . . . understands he is waiving all appellate issues that might have been available . . . [D]efendant knowingly waives the right to appeal his conviction . . . and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, in exchange for the concessions made by the United States in this Plea Agreement . . . .

> d. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

On December 7, 2011, the district court conducted a thorough plea colloquy. The court asked Henry his age, the extent of his education, whether he had any difficulty reading or writing, and whether he was under the influence of any drugs or alcohol or taking any medications, and found him competent to plead guilty. The court asked him whether he was satisfied with his counsel's representation, and Henry responded in the affirmative. The court read Henry the superseding indictment and asked if he understood the charges. Henry answered, "Yes."

The court turned to the plea agreement and asked Henry if his signature was on the agreement. Henry

responded affirmatively. The court inquired if anyone had forced Henry to sign the agreement or if any other agreements or promises had been made to him that were not in the agreement. Henry responded, "No." Then the court asked if Henry had read the agreement before signing it, had discussed all aspects of it with his counsel, and understood all of its terms. Henry responded affirmatively. In discussing sentencing, the court noted the parties' agreement to a sentence of 96 months and stated that if the court accepts the agreement and imposes a sentence consistent with that agreement, Henry would not be able to withdraw his guilty plea. Henry said he understood.

Then the court explained to Henry that "[o]rdinarily you would have the right to appeal your plea of guilty, conviction, and any sentence that I impose. However, by entering into this plea agreement and by pleading guilty, in exchange for concessions made by the government, you will have waived or given up your right to appeal your plea of guilty, conviction, and sentence." The court asked Henry if he understood everything the court had said about his appeal rights, and Henry answered, "Yes." Henry agreed with the government's summary of the evidence and pleaded guilty to both counts against him. The court found that Henry "has been advised of his rights and understands them," that he "is aware of the nature of the charges, the consequences of the plea, and the possible punishment, that there have been no threats against [him] to coerce him to plead guilty, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing

each of the essential elements of the offenses." The court accepted the plea.

On March 12, 2012, the district court sentenced Henry to 48 months' imprisonment on each count to run consecutively for a total of 96 months and ordered that the sentence be served consecutively to his undischarged state sentence. Henry appealed.

## II.

We review the enforceability of an appellate waiver in a plea agreement de novo. *United States v. Alcala*, 678 F.3d 574, 577 (7th Cir. 2012). We will enforce an appellate waiver "when [its] 'terms are express and unambiguous, and the record shows that the defendant knowingly and voluntarily entered into the agreement.'" *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012) (quoting *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011)).

A district court's decision to impose a sentence concurrently or consecutively to an undischarged term of imprisonment "necessarily involves 'the manner in which that sentence is determined.'" *Aslan*, 644 F.3d at 534. Thus, the court's decision "to impose a consecutive sentence easily comes within the language of the [appellate] waiver, which prevents [Henry] from challenging a sentence within the statutory maximum or the manner in which that sentence was determined." *Id.* The district court sentenced Henry within the statutory maximum for a conviction under 21 U.S.C. § 843(d) (not more than 4 years), sentencing him to 48 months' imprisonment

on each of two counts for a total of 96 months. The court imposed no fine. Thus, there is no issue that the term of imprisonment (or fine) exceeded the maximum provided by law.

Henry argues that he "agreed to waive all rights to appeal his sentence . . . based on the information that he was going to receive [a] 96 months [sic] sentence" and "[b]ecause the court sentenced [him] to a longer-term [sic] than was anticipated in the plea agreement . . . his waiver of appellate rights is ineffective." Yet "unanticipated sentences do not create grounds for negating the terms of a plea agreement." *United States v. Sines*, 303 F.3d 793, 799 (7th Cir. 2002) (citation omitted).

Henry also argues that his guilty plea and appellate waiver were not knowingly entered into because the district court did not inform him of the maximum penalty he was facing if he pleaded guilty. But, as Henry concedes, the court did inform him of the maximum penalty, stating: "On each of these counts, you could be sentenced to a term of imprisonment not to exceed four years." It is the court's failure to advise him of the possibility that his federal sentence could run consecutive to his undischarged state sentence that he complains about.

The record shows that Henry knowingly and voluntarily entered into the plea agreement. The district court conducted a thorough plea colloquy, ensuring that Henry was advised of his rights and understood them and that he was aware of the nature of the charges, the consequences of his plea, and the possible punish-

ment. The court also ensured that Henry understood the terms of his plea, explicitly covering the appellate waiver, and agreed to those terms. And the court made sure that Henry understood that other than his agreement with the government regarding a sentence of 96 months, the decision as to the penalty was within the court's discretion. Henry was represented by counsel and has not challenged counsel's performance, which supports the conclusion that Henry's waiver was knowing and strategic. *See Alcala*, 678 F.3d at 579. The court also found that Henry's guilty plea was knowing and voluntary. The court's findings are well supported in the record. Henry's guilty plea is valid, and so, too, is his appellate waiver.

In any event, the district court was not required to advise Henry that his federal sentence might be imposed to run consecutive to his undischarged state sentence. *Faulisi v. Daggett*, 527 F.2d 305, 309 (7th Cir. 1975) (concluding that "the possibility that a federal sentence might be ruled to run consecutively to a state sentence being served is not a 'consequence' of a plea of guilty concerning which the court must first address the defendant before accepting such plea"); *see also United States v. Ray*, 828 F.2d 399, 418 (7th Cir. 1987) (stating that "whether the federal sentence runs concurrently with or consecutively to the state sentence is not a direct consequence of the plea"); *accord United States v. General,* 278 F.3d 389, 395 (4th Cir. 2002) ("Rule 11 . . . does not require a district court to inform the defendant of mandatory consecutive sentencing."); *cf.* Fed. R. Crim. P. 11(b)(1) (outlining 14 subjects the

district court is required to address in the plea colloquy; whether a sentence may run consecutively to a state sentence is not one of them).

### III.

This appeal is DISMISSED.