**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 10, 2014
Decided June 24, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3389

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 12-10153-001 |
| LAKHVIR NIJHER,<br>    *Defendant-Appellant*. | James E. Shadid,<br>*Chief Judge*. |

**O R D E R**

Lakhvir Nijher contends that his guilty pleas were not knowing and voluntary because the district court did not first estimate his guidelines range and admonish him at his colloquy that the factors listed in 18 U.S.C. § 3553(a) would be considered in determining his sentence. Because neither of these omissions violated due process or the Federal Rules of Criminal Procedure, we enforce the appeal waiver in Nijher's plea agreement and dismiss the appeal.

For several years Nijher under-reported sales (by $6.3 million) at his gas station in Peoria Heights, Illinois, short-changing the Internal Revenue Service and Illinois Department of Revenue by nearly $1 million. He was charged with mail fraud, 18 U.S.C. § 1341, and filing a false corporate tax return, 26 U.S.C. § 7206(2).

Nijher entered into a plea agreement with the government. The agreement explained, among other things, that the sentencing court would calculate his advisory guidelines range and consider the § 3553(a) factors. The agreement did not set a guidelines offense level, but suggested that adjustments for both obstruction of justice and acceptance of responsibility be applied. The agreement also contained a broad appeal waiver, under which Nijher would waive his right to appeal both his conviction and sentence.

A thorough plea colloquy took place before a magistrate judge in accordance with Federal Rule of Criminal Procedure 11. The judge explained to Nijher the trial rights he would give up by pleading guilty and the appeal rights he would waive under the plea agreement. The judge also warned Nijher of the statutory-maximum sentences he faced (20 years for mail fraud and 3 years for the false tax returns, 18 U.S.C. § 1341; 26 U.S.C. § 7206). (Neither crime subjected Nijher to a statutory-minimum penalty.) The judge did not specify any applicable guidelines range or state that the § 3553(a) factors would be considered at sentencing, though he did say—and Nijher acknowledged understanding—that the sentencing court would make its "own independent determination of the advisory sentencing guideline range." Nijher said that he accepted the plea agreement voluntarily. At the recommendation of the magistrate judge, the district judge accepted the pleas.

At sentencing, the probation officer calculated a guidelines range of 41 to 51 months for the mail-fraud count and 36 months (the statutory maximum) for the false-tax-return count. Neither party objected. (Nijher's lawyer had suggested at the plea hearing that the amount of lost taxes was disputed, but made no argument at sentencing.) The district judge imposed a total term of 45 months (45 for mail fraud and 36 for the false tax return, concurrently).

Nijher did not move to withdraw his guilty pleas in the district court, so he can overturn them on appeal only upon a showing of plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012).

On appeal Nijher contends that his guilty pleas were not knowing and voluntary under the Due Process Clause because he was not given any "realistic expectation

regarding the length of imprisonment that he faced" under the guidelines. But in *United States v. Salva*, 902 F.2d 483 (7th Cir. 1990), we dispelled any suggestion that a district court—before entering a plea—has to advise a defendant of the likely range to which he will be exposed: "Due process . . . does not oblige the government or the court to predict the defendant's sentence." *Id.* at 487; *see also United States v. Elmendorf*, 945 F.2d 989, 992–94 (7th Cir. 1991) (reaffirming *Salva*); *United States v. Scott*, 929 F.2d 313, 315 (7th Cir. 1991) (same). Nijher points to language in *Salva* that encouraged district courts to give defendants "as good an idea as possible of the likely guidelines result," 902 F.2d at 488—no doubt laudable—but the general rule is well settled: due process is satisfied as long as a defendant knows the maximum and minimum possible sentences. *Elmendorf*, 945 F.2d at 994; *Burton v. Terrell*, 576 F.3d 268, 271 (5th Cir. 2009); *Pickens v. Howes*, 549 F.3d 377, 380 (6th Cir. 2008); *Jamison v. Klem*, 544 F.3d 266, 277 (3d Cir. 2008). The magistrate judge here ensured exactly that: he recited that Nijher faced a statutory maximum of 20 years for mail fraud and 3 for the false tax returns (no minima applying).

Nijher also asserts that the magistrate judge violated Federal Rule of Criminal Procedure 11 by not mentioning the § 3553(a) factors that would be considered at sentencing. True, the judge neglected to tell Nijher, as Rule 11(b)(1)(M) requires, that in addition to the guidelines, his sentence would be determined by "other sentencing factors under 18 U.S.C. § 3553(a)." But Nijher has not established—as he must to overturn his plea—that the judge's recitation of the § 3553(a) factors likely would have dissuaded him from pleading guilty. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013); *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009). He says only that such a recitation might "have prompted an explanation from his attorneys as to what these factors were." At all events, the magistrate judge's omission was harmless because Nijher's written plea agreement specified that the § 3553(a) factors would be considered at sentencing. *See United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004) (no plain error for failing to give Rule 11 admonishment regarding information already contained in plea agreement); *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001) (reviewing for harmless error).

Because Nijher's plea was knowing and voluntary, his appeal waiver must be enforced. *See United States v. Henry*, 702 F.3d 377, 380 (7th Cir. 2012); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001).

**DISMISSED**.